UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEAN FABRICE NDZANA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:22-cv-01540-JMS-MJD |
| | ) |
| BALL STATE UNIVERSITY, THE BOARD OF | ) |
| TRUSTEES OF BALL STATE UNIVERSITY, and | ) |
| DR. SUSANA RIVERA-MILLS and | ) |
| DR. PAUL SPENGLER, in their official | ) |
| and individual capacities, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.     NATURE OF THE CASE**

1. Plaintiff, Jean Fabrice Ndzana, by counsel brings this action against Defendants, Ball State University ("BSU") alleging race discrimination in violation of Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d *et seq*. and the Board of Trustees of Ball State University ("Trustees"),  Dr. Susana Rivera-Mills ("Rivera-Mills") and Dr. Paul Spengler ("Spengler") in their official capacity, for prospective and injunctive relief and in their individual capacity, for violating Plaintiff's clearly established right to equal protection under the 14th Amendment of the Constitution pursuant to  the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983 ("Section 1983").

**II.     PARTIES**

2. Plaintiff is a resident of Hamilton County, Indiana and at all relevant times resided within the geographical environs of the Southern District of Indiana.

3. Ball State University is a state-sponsored institution of higher education. The Board of Trustees of Ball State University are public officers and under that name may be sued pursuant to I.C. § 20-12-23-2.

4. Dr. Susana Rivera-Mills was employed by Ball State University as the Provost and Executive Vice President for Academic Affairs and performed administrative and ministerial duties on behalf of Ball State University within the Southern District of Indiana at all times relevant to this action.

5. Dr. Paul Spengler was employed by Ball State University. He served as the Chair of Plaintiff's Doctoral Committee and performed administrative and ministerial duties on behalf of Ball State University within the Southern District of Indiana at all times relevant to this action.

6. Ball State University is a federally funded agency that maintains offices and conducts business within the geographical environs of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

7. Jurisdiction is conferred over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 1983 and 42 U.S.C. § 2000d-2.

8. The Trustees, Rivera-Mills, and Spengler are "persons" within the meaning of 42 U.S.C. § 1983.

9. The Trustees, Rivera-Mills and Spengler, acting under color of state law and pursuant to a policy, practice and/or custom, violated Ndzana's rights as protected by the Fourteenth Amendments of the United States Constitution.

10. BSU administers a "program or activity" as those terms are defined by 42 U.S.C. § 2000d-4a(1)(A).

11. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV.    FACTS

12. Plaintiff is African American.

13. Plaintiff was previously a doctoral student in Defendant's Doctoral Counseling Psychology program.

14. In late February 2021, Plaintiff and Charles Hunt were both third year doctoral students when they were accused of plagiarizing portions of their comprehensive exam papers (hereinafter "exam").

15. The alleged plagiarism was detected through software, Turnitin, that compared the exams to research published online and calculated the percentage of content in each assignment that matched existing research available online.

16. Both Plaintiff and Mr. Hunt had the same Chair, Dr. Paul Spengler.

17. Both students had been previously assigned a doctoral committee consisting of four members, including Dr. Paul Spengler, Dr. Andrew Davis, and two varying members.

18. On February 26, 2021, Dr. Spengler texted both Plaintiff and Mr. Hunt that because their exams were determined to have been plagiarized, both individuals were to ensure that their dissertation proposal drafts were free from any plagiarism issues and submitted to him by March 1, 2021.

19. On March 1, 2021, both students submitted their dissertation proposals to Dr. Spengler.

20. In or around mid-March 2021, the committees assigned to both students met and determined that the allegedly plagiarized exams constituted a first offense for each student. The committees subsequently voted as to whether or not the students should be expelled from the program.

21. Despite the two individuals committing the same academic violation, Dr. Spengler only voted to expel Plaintiff.

22. Ultimately, both students were given an additional three weeks to correct their exam papers and resubmit them to their respective committees.

23. Plaintiff was then given a deadline of April 9, 2021 to submit the corrected exam while Mr. Hunt was given a deadline of April 14, 2021.

24. Before Plaintiff's deadline of April 9, 2021 had passed, Dr. Spengler evaluated Plaintiff's dissertation proposal from March 1, 2021 and accused Plaintiff of a second offense of plagiarism.

25. After finding Plaintiff's dissertation proposal to be 12% plagiarized, Dr. Spengler sought the approval of two additional faculty members, who were outside of Plaintiff's assigned committee, to expel Plaintiff for his alleged second offense of plagiarism.

26. Plaintiff appealed the recommendation for his dismissal.

27. Plaintiff's appeal was denied and he was dismissed from the doctoral program in or around May 2021.

28. Meanwhile, Mr. Hunt was given the opportunity to correct his exam submission and submit an updated version of his exam as planned on April 14, 2021.

29. Dr. Spengler did not check Mr. Hunt's dissertation proposal for plagiarism until April 21, 2021, after Plaintiff filed a complaint alleging racial discrimination. As a result, Mr.

Hunt had the opportunity to continue his studies, acquire an internship, and move on into the last year of the graduate program.

30. Plaintiff filed a complaint with the U.S. Department of Education Office of Civil Rights (OCR) alleging discrimination based on race.

31. Despite the fact that only Plaintiff's assigned committee could make the decision to expel him from the program, the committee was not made aware that Plaintiff had been recommended for dismissal until after the recommendation had been filed, signed, and submitted to the Office of the Associate Provost.

32. After Plaintiff's expulsion, he discovered that Dr. Spengler reported that at least 17% of Mr. Hunt's dissertation proposal had been plagiarized. Meanwhile, Plaintiff's dissertation had only yielded a score of 12% plagiarized when evaluated by the same report.

33. Furthermore, when Plaintiff ran Mr. Hunt's dissertation proposal through the Turnitin software on his own, he discovered that it actually had an even higher percentage of plagiarism at 44%. In addition, 30% of Mr. Hunt's plagiarized work could verbatim be attributed to the work of a previous student in the program, Amy Mitchell.

34. On March 1, 2021, Mr. Hunt admitted to Plaintiff by text message that he had plagiarized Ms. Mitchell's work.

35. On or around July 19, 2021, the OCR investigated Plaintiff's Complaint.

36. Dr. Spengler has previously accused another African American student, Ajasha Long, of plagiarism. Those allegations were later deemed unfounded.

37. Dr. Spengler subjected Plaintiff to more strict scrutiny and performance monitoring than his similarly situated, Caucasian, peer who had committed the same academic violation as Plaintiff.

38. On or around May 20, 2021, Plaintiff filed an appeal with the Provost and Executive Vice President for Academic Affairs, Dr. Susana Rivera-Mills, disputing his expulsion from Defendant's program.

39. Merely days later, Dr. Rivera-Mills upheld Plaintiff's expulsion.

## V.     CAUSES OF ACTION

### COUNT I: TITLE VI – RACE DISCRIMINATION

40. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-nine (39) of his Complaint as if the same were set forth at length herein.

41. Plaintiff was discriminated against due to his race when he was expelled for the same academic violation committed by a Caucasian student who was not expelled.

42. Defendants' actions are in violation of Title VI of the Civil Rights Act of 1964.

43. Defendants' actions were willful, intentional, and done with reckless disregard for Plaintiff's civil rights.

44. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: SECTION 1983 – RACE DISCRIMINATION

45. Plaintiff hereby incorporates by reference paragraphs one (1) through forty-four (44) of his Complaint as if the same were set forth at length herein.

46. Plaintiff was discriminated against due to his race when he was expelled for the same academic violation committed by a Caucasian student who was not expelled.

47. Defendants' actions are in violation of Section 1983 of the Civil Rights Act of 1871.

48. Defendants' actions were willful, intentional, and done with reckless disregard for Plaintiff's civil rights.

49. Plaintiff has suffered damages as a result of Defendants' unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jean Fabrice Ndzana, respectfully requests that this Court enter judgment in his favor and award him the following relief:

a) Reinstate Plaintiff to his position as a third-year doctoral student and provide him with the opportunity to complete his program;

b) Compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

c) Compensatory damages against Rivera-Mills and Spengler;

d) Punitive damages against Rivera-Mills and Spengler

e) Costs and attorney fees incurred as a result of bringing this action;

f) Pre- and post-judgment interest on all sums recoverable; and,

g) All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/ Diana Kozlova*_____
Andrew Dutkanych
Diana Kozlova
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email:       ad@bdlegal.com
Email:       dkozlova@bdlegal.com

*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jean Fabrice Ndzana, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

*/s/ Diana Kozlova*
Andrew Dutkanych
Diana Kozlova
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
Email: dkozlova@bdlegal.com

*Counsel for Plaintiff*